CHATTAROI R. CO. *v.* ANN E. BIGGS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—516.]

**Trial of Proceeding to Condemn Land for Railroad Purposes.**
    Where an appeal is taken from the county court to the circuit court in a proceeding to condemn land for railroad purposes the case on appeal is to be tried de novo, it being a special proceeding not governed by the law of appeals in other cases.

APPEAL FROM BOYD CIRCUIT COURT.

January 28, 1886.

OPINION BY JUDGE PRYOR:

The only question necessary to be determined in this case is, Did the circuit court err in refusing to try the case de novo on the appeal from the county court? The act of April 11, 1882, prescribes the mode of condemning land for the use of railroad and turnpike companies, and the proceedings under that act apply alone to the condemnation for such purposes and no other. It is expressly provided by the 6th section of that act that "either party may appeal to the circuit court or other court of similar jurisdiction of the county, within thirty days, and the appeal shall be tried de novo." The amendatory act approved May 9, 1884, applying generally to appeals to the circuit court from the county court, provides that in an action or proceeding in the county court in which a judgment has been or may be rendered upon the suit in controversy for $25 or more, exclusive of interest and costs, one appeal may be had to the circuit court in the same manner that appeals from judgments of circuit court are now taken.

This act has no reference to the special proceedings authorizing the condemnation of land for railroad and turnpike purposes, but was intended to give the right to an appeal from the county to the circuit court in all cases where the suit involved, brought the case within the provision of the act. The mode of appeal in this special proceeding had already been provided for, and without some language in the general law expressly repealing its provisions in regard to the manner of appeal or from which the repeal must be implied, the law applicable to the special proceeding should be regarded as unchanged. It in no manner interferes with the right of appeal in other cases, and as the proceeding is unlike the ordinary proceedings in the county court, and the law-making power has seen proper to enact a law on this particular subject and confined its provision to the manner of condemnation only when applied to railroads and turnpikes, these provisions are not affected by the general law regulating appeals from the county court.

It was therefore error to require the appellant to rely on the bill of evidence taken in the county court. In fact no bill of evidence was necessary and should have been excluded at the instance of either party. Under the provisions of the act the case should have been tried de novo, and that the appellant had the benefit of the evidence in the form of deposition of the witnesses whom he de-

sired to examine in open court is no answer to the objection made. The judgment below is *reversed* and cause remanded for proceedings consistent with this opinion.

*K. F. Pritchard, for appellant.*

*E. F. Dulin, T. Brown, for appellees.*